CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 14 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IVAN JEROME HUGHES, | ) | Civil Action No. 7:11-cv-00316 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Samuel G. Wilson |
| HAROLD W. CLARKE, | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Ivan Jerome Hughes, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 conviction and sentence in the Circuit Court for the City of Bristol, Virginia. The court finds that Hughes' petition is untimely and that there are no grounds for equitable tolling. Therefore, the court grants respondent's motion to dismiss.

I.

On November 17, 2006, the Circuit Court for the City of Bristol entered judgment against Hughes, convicting him of distributing cocaine and sentencing him to a total term of 50 years imprisonment. Hughes appealed and the Court of Appeals of Virginia denied his appeal. The Supreme Court of Virginia then refused his appeal on December 4, 2008 and denied his petition for rehearing on March 10, 2009. Hughes did not file a petition for writ of certiorari to the Supreme Court of the United States. Hughes filed a habeas petition in the Circuit Court for the City of Bristol on March 16, 2010, which the court dismissed on August 13, 2010 as untimely filed. Hughes appealed to the Supreme Court of Virginia, which refused his appeal on April 8, 2011. Hughes filed his federal habeas petition in this court on June 15, 2011. Respondent has moved to dismiss, arguing that Hughes' petition is untimely.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Hughes did not meet this one-year statute of limitations. Hughes had 365 days from June 8, 2009, when his conviction became final, to file a timely federal habeas petition. Hughes did not meet this June 8, 2010 deadline.[2] Accordingly, Hughes' petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3]

In response to respondent's motion to dismiss, Hughes makes no argument to support equitable tolling of the statute of limitations. Accordingly, the court finds that Hughes has not

---

[1] Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Hughes has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Hughes' conviction became final on June 8, 2009, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired.

[2] Although Hughes filed a state habeas petition in the Bristol Circuit Court on March 16, 2010 (and later appealed the dismissal to the Supreme Court of Virginia), his petition was not "properly filed," and thus, afforded him no tolling under § 2244(d)(2). Hughes' 2010 state habeas petition was not "properly filed" because the state court dismissed his petition as untimely filed. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [habeas] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).")

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

demonstrated any grounds for equitable tolling and further finds that Hughes' petition is untimely filed.

### III.

For the reasons stated, the court grants respondent's motion to dismiss and dismisses Hughes' petition as untimely filed.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This October 14, 2011.

United States District Judge